We are of opinion that this case is within the scope of the latter part of the act of amendment of 1790 which gives power to the courts to amend imperfections, defects and want of form, (85) upon such conditions as they may prescribe.
If the act did not allow an amendment in matter of substance, that part which allows an amendment would be perfectly inoperative; for, as to matters of form, they are cured, and need no amendment. The reasons for this exposition of the act are stated more at large in the opinion of the Court in Davis v. Evans, post, 111. But as the plaintiff must fail in the present action without the interference of the Court, and as the defendants, according to the present construction of the action, would recover costs, the Court, therefore, will not confer a favor on the plaintiff at the expense of defendants.
It is true that if plaintiffs has no cause of action, the defendants cannot be injured by costs; and that if the demand is just, the defendants should pay, or be compelled to pay, with costs. Yet, according to the *Page 68 
present action, the plaintiff has no demand, and it may be, for aught this Court knows, that upon the allowance of the amendment the defendants may make a tender with a profert — and they might have done so at first if they had been charged with a contract they had entered into.
Wherefore, we are of opinion that the plaintiff be permitted to amend upon the payment of all costs up to the time of amendment.*
 Cited: Williams v. Lee, post, 578; Grist v. Hodges, 14 N.C. 203;Brittain v. Newland, 19 N.C. 364; Quiett v. Boon, 27 N.C. 11; Lane v.R. R., 50 N.C. 26.
* HENDERSON and CAMERON, JJ., gave no opinion, being of opposite counsel; but both concurred in the opinion. HALL, hesitante.
(86)